**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 3 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS RIOS-GARIBAY, AKA Nico Rios, AKA Nico Rios-Garibay, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-70064 <br><br> Agency No. A044-279-182 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Nicolas Rios-Garibay, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Rios-Garibay's claims as to his religion and an unspecified incident in his youth because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues in administrative proceedings below).

Substantial evidence supports the BIA's determination that Rios-Garibay failed to establish past persecution or a fear of future persecution in Mexico on account of a protected ground.   *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Molina-Morales v. INS,* 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").   Thus, Rios-Garibay's asylum and withholding of removal

claims fail.  *See Zetino*, 622 F.3d at 1015-16.

Substantial evidence also supports the agency's denial of Rios-Garibay's CAT claim because he failed to establish it is more likely than not he will be tortured by the Mexican government, or with its consent or acquiescence.  *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**